**Clyde K. GREEN, Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2007–7134.

United States Court of Appeals, Federal Circuit.

April 4, 2007.

Clyde K. Green, pro se.

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

*ORDER*

PER CURIAM.

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss for lack of jurisdiction Clyde K. Green's appeal from the United States Court of Appeals for Veterans Claims.

Green appealed to the Court of Appeals for Veterans Claims from a December 16, 2006, decision of the Board of Veterans' Appeals that denied his requests to revise Department of Veterans Affairs regional office (VARO) decisions issued in July 1978, March 1981, October 1984, and September 1986 on the basis of clear and unmistakable error (CUE). The court held that the Board's determinations that no CUE existed in those VARO decisions were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and that Green's allegations could not form the basis of a finding of CUE.

The Secretary argues that Green's informal brief does not raise an issue that falls within this court's jurisdiction. We agree. Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The Court of Appeals for Veterans Claims' determinations pertaining to the application of the law of CUE to the facts of Green's case are not within our jurisdiction. In these circumstances, this court lacks jurisdiction to review Green's appeal. *See* 38 U.S.C. § 7292(d)(2).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.